IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IDONGESIT E. UDOUMANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-0428 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| COUNTRYWIDE BANK, FSB, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On February 11, 2010, the undersigned entered two Orders in this action. The first Order, entered pursuant to Fed. R. Civ. P. 4(m), noted that Plaintiff had failed to serve Defendant within 120 days after the Complaint in this action was filed. Docket No. 23. That Order required Plaintiff to file a written statement showing good cause for her failure to comply with Fed. R. Civ. P. 4(m) by March 1, 2010. The Order stated in part, "If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice."[1] Docket No. 23, p. 1.

Also, on February 11, 2010, the undersigned entered an Order noting that Plaintiff had

---

[1] On May 27, 2009, Judge Campbell entered an Order denying Plaintiff's ex parte Motion for Temporary Restraining Order. Docket No. 10. In that Order, Judge Campbell stated, "Plaintiff is reminded that, pursuant to Fed. R. Civ. P. 4, she must serve the Defendant with the Summons and Complaint filed herein." *Id.*, p. 2.

not specified a basis for this Court's exercise of subject-matter jurisdiction in this action.[2] Docket No. 24. That Order required Plaintiff to file a Response, on or before March 1, 2010, establishing that the Court does have subject-matter jurisdiction of this action. That Order stated in relevant part, "If Plaintiff fails to comply with this Order, the undersigned will recommend that this action be dismissed for lack of subject-matter jurisdiction." *Id.*, p. 3.

Plaintiff has failed to comply with the foregoing Orders entered by the Court. Therefore, the undersigned recommends that this action be dismissed for lack of subject-matter jurisdiction and for Plaintiff's failure to comply with the Court's Orders entered in this case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

---

[2] The first Order entered on February 11, 2010, regarding Fed. R. Civ. P. 4(m), erroneously states that this case is "a pro se action raising claims under Title VII of the Civil Rights Act of 1964." The Complaint does not rely upon, or even mention, Title VII.